2 U.S. 239
 2 Dall. 239
 1 L.Ed. 364
 Respublica
v.
Ross
 Supreme Court of Pennsylvania
 December Term, 1795
 
 1
 This was an indictment containing six Counts, which charged the defendant, in various forms, with forging and uttering a promissory note, dated the 27th of July 1795, purporting to be a note drawn by Joseph Heister in favor of John Smith, indorsed first by John Smith, and afterwards by Jacob Morgan; and with fraudulently conspiring with one Langford Herring to procure Jacob Morgan to indorse the note by means of a forged letter, purporting to be addressed by Joseph Heister, to Jacob Morgan. In the course of the trial, the following points of evidence were ruled by the Court.
 
 
 2
 I. The Attorney General (Ingersoll, who was assisted by Lewis and Heatly) offered Joseph Heister, the supposed drawer of the note, to prove that his signature was forged.
 
 
 3
 The Counsel for the defendant (Rawle, M. Levy, M'Kean and Dallas) objected on two grounds: 1st. That no man is a competent witness to impeach the validity of a negotiable instrument to which he has put his name. 1 T. Rep. 296. 3 Woodes. 303. 2nd. That the witness is disqualified on account of his interest in the case; and though the verdict here could not be given in evidence in a civil action, the Court and Jury would be sure to hear, of it. 2 Stra. 728, Leach. C.L. 9. 10. 50. 153. Bull. N. P. 288. 9. Leach. C. L. 162. 287. 10 Mod. 192. 3. 1 Stra. 595. 2 Stra. 1043. 1104. 1229. Hardr. 331. 2 Hawk. P. C. 610. ch. 46. sect. 24. Leach. C. L. 25. Nor does his interest rest merely on the eventual responsibility of his signature; it is directly involved in the conviction of the defendant; since, by two acts of Assembly, he is intitled, upon that event, to a forfeiture; the first act inflicting a forfeiture of double the value, one half to go to the party wronged; and the second act inflicting a penalty of treble the value, to the use of the party wronged. Sec 1 Vol. Dall. Edit. p. 5. 64.
 
 
 4
 The Counsel for the prosecution answered these objections, to the following effect. 1st. In the present case, the indictment alledges, that the name of Joseph Heister is not subscribed to the note; this is the fact in controversy; and he, who is the only positive witness that can be produced, is offered to disprove the signature. But, on the contrary, all the cases cited, proceed upon the ground, that the witness, confessedly, signed the instrument, which he is called upon to discredit. 2nd. Joseph Heister is not interested in the present case; for the record will not be evidence in a civil action, brought against him as drawer of the note. Nor is he interested under the acts of Assembly that have been cited, as the forfeitures imposed by those acts are abolished by the existing code of Penal Laws. Bull. N. P. 288. 4 Burr. 2251. 3 T. Rep. 36. 1 Vent. 49. The decisions in Pennsylvania have been uniform in the admission of such witnesses. 1 Dall. Rep. 110. 62. Rex. v. Chapman & Bates before the Recorder (Chew) in the Mayor's Court of Philadelphia 1772. Smith's case in the Quarter Sessions of Northampton County. Shepherd's case before the Recorder (Wilcocks) in the Mayor's Court.
 
 
 5
 M'Kean, Chief Justice.
 
 
 6
 Two objections have been taken to the competency of Joseph Heister, as a witness on the present indictment: 1st. Because his name appears to be subscribed to the note, which his evidence is intended to prove a forgery; and 2nd. Because he is interested.
 
 
 7
 The first objection has been well, and sufficiently, answered, by the remark, that whether the name of the witness is really subscribed to the note, or not, is the fact in controversy, which the Jury must decide. If the signature was allowed to be his, the objection would then, undoubtedly, be fatal.
 
 
 8
 On the second objection, I do not think, that the witness is so interested, as to render him incompetent. The verdict in the present case could not be received in evidence upon the trial of a civil action; nor would the Court permit the counsel to refer to it. I confess, however, that early in life, I entertained a different opinion on this point, conceiving then, that the weight of the adjudged cases was adverse to the competency of the witness, though I thought it hard that the law should be so. My opinion has been changed by the modern authorities, which give an evident preponderance to the opposite scale; and, in general, the Judges have, of late, been inclined to a more liberal admission of testimony, applying exceptions rather to the credit, than to the competency, of a witness. In the existing state of commercial transactions, indeed, when Promissory Notes, Bills of Exchange, Bank Checks, and other instruments, not authenticated by any subscribing witness, are daily circulated to an incalculable amount, every principle of policy must enforce the necessity of allowing the person, whose name is forged, to give evidence of the fact.
 
 
 9
 But, independent of these considerations, we find the law has been established by the repeated decisions of the Courts of Pennsylvania, as well before, as since, the Revolution; and, particularly, in a late case of Respublica v. Wright (which may be added to those cases that were cited at the bar) determined by my brother Yeates and myself at Nisi Prius in the county of Bucks.
 
 
 10
 I am, therefore, of opinion that the witness ought to be sworn.
 
 
 11
 Shippen, Justice.
 
 
 12
 I concur in the opinion given by the Chief Justice, but only for one of the reasons, which he has assigned. It appears clearly to my mind, from all the English authorities produced, that in that country, there has been no relaxation of the rule upon the question of interest, respecting the testimony of the parties injured, in cases of Perjury and Forgery; but, on the contrary, from the case in Hardress 331. down to the case in Leach 287, it has been the general practice to give a release to the witness, in order to render him competent. In point of policy, likewise, there is undoubtedly an inconveniency arising from the adoption of either doctrine; for, the witness may be biassed by the reflection, that, although the record on the indictment cannot be given in evidence in a civil action, yet, that the conviction will be talked of and insensibly prejudice the public in his favor.
 
 
 13
 My acquiescence, therefore, in the opinion which has been just delivered, is founded entirely on the authority of the cases that have been adjudged in this State. These seem to have settled the law in favor of admitting the testimony proposed; and I am sensible of the importance of preserving uniformity in our municipal decisions.
 
 
 14
 Yeates and Smith, Justices, declared their concurrence in the opinion of the Court, as delivered by the Chief Justice.
 
 
 15
 II. The Attorney General offered Jacob Morgan, the indorsor of the note, as a witness, admitting that the indorsement was in the hand-writing of Morgan, and that he was liable for the amount of the note to Thomas Allibone, the holder.
 
 
 16
 The counsel for the defendant opposed the admission of the testimony, contending, that Morgan was disqualified from proving the note a forgery, having given credit to it, by his indorsement. 1 T. Rep. 296. 3 T. Rep. 34.
 
 
 17
 The counsel for the prosecution answered, that Morgan could have no interest, as he confessed himself to be liable to the holder of the Note, whatever might be the issue of the trial.
 
 
 18
 But, by the Court: The objection is not on the ground of interest; but on the impolicy of suffering a man to discredit an instrument, to which he has previously given credit, by his indorsement. The rule of law seems settled; and is, in general, a good one. However desirous, therefore, we may be to obtain the light of this witness's evidence, we must, for that reason alone, reject it.
 
 
 19
 III. The counsel for the prosecution then proved, that Jacob Morgan had paid the Note and taken it up (which was done in Court) and offered him again as a witness. The prisoner's counsel still objected; but the Court over-ruled the objection; and the witness was sworn.
 
 
 20
 Verdict, Guilty on the count for fraudulently procuring Morgan to endorse the Note, and Not Guilty on the other counts of the indictment.